# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROGER L. JAMES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-08-276-SPS |

## OPINION AND ORDER

The claimant Roger L. James requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to a listed impairment), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he does not retain the residual functional capacity (RFC) to perform his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on March 23, 1960, and was forty-seven years old at the time of the administrative hearing. He has a high school education, and previously worked as a construction worker. The claimant alleges that he has been unable to work since October 28, 2005, because of neck problems and pain, daily headaches, muscle spasms in his shoulders, back problems and pain, bilateral hand and wrist problems causing a weak grip and problems using his hands, a hernia and resulting surgery, left knee problems, depression, problems coping with other people, problems paying attention and following instructions, sleep problems, and medication side effects.

## Procedural History

On November 9, 2005, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Lantz McClain conducted a hearing and determined that the claimant was not disabled in a decision dated December 17, 2007. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a full range of light

work, *i. e.*, the claimant can lift/carry 20 pounds occasionally and 10 pounds frequently, and stand/walk/sit six hours of an eight-hour workday (Tr. 12). The ALJ concluded that although the claimant could not return to his past work (Tr. 15), he was nevertheless not disabled "because he could perform a full range of light work [and] a finding of 'not-disabled' is directed by Medical Vocational Rule 202.20." (Tr. 16).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the opinion of his treating physician; and, (ii) by failing to fully develop the record related to the claimant's physical impairments. The Court finds these contentions persuasive.

The claimant first contends that the ALJ failed to properly consider the opinion of his treating physician Dr. Danny Minor. Medical opinions from a treating physician are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). When a treating physician's opinions are not entitled to controlling weight, the ALJ must determine the proper weight to give them by analyzing all of the factors set forth in 20 C.F.R. § 416.927. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using *all of the factors* provided in § [416.927]."), *quoting Watkins,* 350 F.3d at 1300 [emphasis added]. The applicable factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship,

-4-

including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) any other factors that tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) [quotation omitted]. And if the ALJ decides to reject a treating physician's opinions entirely, he is required to "give specific, legitimate reasons for doing so." *Id.* at 1301 [quotations omitted]. In sum, it must be "clear to any subsequent reviewers the weight the ALJ gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300.

The ALJ discussed Dr. Minor's treatment of the claimant, *i. e.*, his surgical hernia repair, and observed as follows: "On August 29, 2007, Dr. Minor submitted a report in reference to the claimant's recent hernia repair. Dr. Minor stated that the claimant is 'now released' and has no other limiting factors that limit his lifting ability." (Tr. 14). In fact, Dr. Minor's report stated the following: "Mr. Roger James recently underwent repair of a hernia in the right inguinal area and is now released. He has other limiting factors that limit his lifting ability. He is released to moderate activity from the abdominal standpoint." (Tr. 304). This inadvertent misquotation thus substantially altered the meaning of Dr. Minor's opinion regarding the claimant's physical limitations.

The Commissioner argues that any error in this regard was harmless because Dr. Minor's opinion that the claimant was limited in his ability to lift was not inconsistent with the determination that he could perform light work. But the ALJ did not discuss the

weight he was assigning to Dr. Minor's opinion (as the above-mentioned authorities require), or for that matter the weight he was assigning to *any* of the medical opinions cited in the written decision (some of which were likewise cited by the Commissioner in support of his "harmless error" argument). *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 ("An ALJ must evaluate *every medical opinion* in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional."), *citing Goatcher v. Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995) [emphasis added]. The Court is therefore unable to determine with any certainty whether the ALJ would have reached the same result if he had properly quoted Dr. Minor's opinion.

The claimant also contends that the ALJ erred by failing to order a consultative examination requested by his attorney with regard to injuries sustained in a recent fall, his hernia surgery and plating in his right wrist (Tr. 38). While an ALJ has broad latitude in deciding whether or not to order a consultative examination, *see Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997), *citing Diaz v. Secretary of Health & Human Services*, 898 F.2d 774, 778 (10th Cir. 1990), such latitude is not boundless; an ALJ should at least explain his refusal to order a consultative examination requested by counsel. *See, e. g., Hawkins* at 1168 (noting that unless requested by counsel, the ALJ has no duty to order a consultative examination unless the need is clearly established in the record). Here, the claimant's attorney specifically requested a consultative examination, but the ALJ denied the request, finding "that the record is fully developed, and no additional evidence is required to reach a decision in this case." (Tr. 15). This cryptic conclusion might have

sufficed had the ALJ correctly quoted Dr. Minor and fully discussed the weight he was assigning to all the medical opinions in the record, but absent such analysis the Court is unable to determine that the record was in fact fully developed.

Because the ALJ failed to properly evaluate the medical opinions in the case, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further consideration. On remand, the ALJ should take correct notice of Dr. Minor's opinion as to the claimant's ability to lift, evaluate all the medical opinions in the record and specify weight assigned to each, and order a consultative examination (or fully explain why such an examination is unnecessary). If such consideration results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 23rd day of September, 2009.

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**